Curia, per
O’Neall, J.
In this case, there is no doubt that the plaintiff’s contract entitled him to damages for its breach, unless it was, as alleged by the defendant, obtained by fraud. This allegation was based altogether upon the facts. For a fraud may as well be perpetrated by a plaintiff in obtaining a contract of purchase, as by a defendant in one of sale. It is true it does not so often occur in the first form as in the latter. But in articles of commerce, where the price is fluctuating and uncertain, and depending more upon the rise and fall consequent upon prosperous or adverse trade, or upon speculation, it may be that the buyer possesses more knowledge than the sel *224 ler. In such a case, if the latter appeals to the former, for the true state of the market, and tlxe buyer undertakes to give it, and does so falsely, and a sale follows in consequence, at a price greatly below the market price, it would beyond all doubt be fraudulent. Such, it was argued, the proof established this transad ion to be, and after the verdict of the jury, we are to look to the testimony, to see if it will bear that construction. If it will, the verdict must stand.
The defendant was not engaged in rearing the multicaulis; he had recently become possessed, in consequence of the death of his father-in-law; he told the plaintiff “he knew nothing about the price of the trees, and would depend on him,” the plaintiff replied, “he was giving or would give the full value at the north, they were then a drug.” The price at the north, in the.spring was 25-100 per tree, and in the autumn from 50-100 to 75-100. This we must take the plaintiff knew, for he had just returned from the north. His purchase was at 18-100 per .tree. It was made the last of September, and hence, according to the proof, the jury might have concluded that the trees were, at the contract, worth twice as much as the plaintiff induced the defendant to believe they were.
The admission of the plaintiff, that he told the defendant the trees were worth at the north from 13 to 15 cents, and that he did not know he was bound to tell him the precise pi'ice, is another strong cii'cumstance, which, after the verdict of the jury, wre are bound to regard as indicative of fraud. For taken with the rest of the case it makes out this, that although he knew the plaintiff relied on him for the state of the northern market, and he the defendant, had undertaken to give it, yet he stated it falsely. This is a fraudulent misrepresentation by which he obtained an advantage. His contract cannot therefore stand. When the Verdict can be thus sustained by the facts in evidence, it is in vain to ask for a new trial; arid more especially when the case, let it go which way it might, would be a hard one on the losing party. The motion is dismissed.
Richardson, Evans, Butler and Wardlaw, JJ. concurred.